AUG. TERM
1835.

Jamison
v.
Smith & others.

</div>

---

John D. Jamison v. Stephen Smith; and others.

Ejectment.—The declaration charges that the plff. is legally entitled to the premises, plea not guilty—verdict for plff. and judgt. arrested by the cir. ct.—Per curiam—the act regulating ejectments requires the plff. to allege that he is legally entitled to the *possession* of the premises &c. The declaration is therefore bad, even after verdict.

In Error.

Opinion delivered by McGirk, J.*
Jamison brought an action of ejectment against the

*Wash Judge, absent.

AUG. TERM
1835.

Jamison
v.
Smith & others.

declaration charges that the plff. is legally entitled to the premises, plea not guilty— verdict for plff. and judgt. arrested by the cir. ct. —Per curiam— the act regulating ejectments requires the plff. to allege that he is legally entitled to the *possession* of the premises, the declaration is therefore bad, even after verdict.

defendants. The defendants pleaded not guilty, a verdict and judgment were rendered for the plaintiff. On motion the circuit court arrested the judgment because the declaration was thought to be defective. The declaration charges that the plaintiff is legally entitled to the premises. It then avers that being so legally entitled to the premises, the defendants entered and ejected him.

The statute of the state regulating ejectments says, the plaintiff shall declare in his proper name and instead of lease, entry and ouster, shall allege that he is legally entitled to the possession of the premises. It is admitted by counsel that the declaration does not strictly pursue the law. But they argue that whatever defect there may be in the declaration, it is cured by the verdict. They lay down the rule to be, that where there is only a defective statement of a good title, a verdict will cure such defective statement.

It is also agreed by the plaintiff's counsel, that where there is no title stated, or cause of action stated, or where a bad title is stated, there a verdict will not cure the defect.

We have no hesitation in saying, that the case before us, is a case where there is no title stated, which will sustain the action of ejectment.

The plaintiff states that he is legally entitled to the land. Now this may be true and yet it may be true that he has no right to the immediate possession. Suppose the plaintiff to be the owner in fee of the land, yet he may have leased for one or for ten years yet unexpired— in such case he ought not to recover the possession.

Ejectment is a possessory action, the design of the action is to give the possession to him who is entitled to it against him who is not entitled to it, yet has it. On the trial it may be necessary sometimes to investigate the plaintiff's title as regards the fee, sometimes it may not be necessary to do so. The design and object of the ejectment act, may be better understood by attending to some of its provisions, (See Revised Code 343,)

It says the plaintiff shall state that he is legally entitled to the possession of the premises and aver the trespass and ejectment of the defendant, and it shall be sufficient on the trial for the plaintiff to shew, that he is and was at the time of the commencement of the suit, entitled to the possession of the premises and that the defendant was in possession thereof at the commencement of the suit. The wording of the act clearly shews, that the title to be stated, is a title to the possession, and that that ti-

tle must be proved, and then that the defendant invaded that title. This will enable the plaintiff to recover. In the case before us, the plaintiff only avers he is the legal owner of the land. We think this may be true and may be proved and yet he may have no right to the possession. But it is said the verdict finds the defendants guilty of the trespass and ejectment and that unless it were proved on the trial that the plaintiff was entitled to the possession, the jury could not have found a verdict of guilty. As to the guilt, the act says it shall be sufficient for the plaintiff to prove the defendant was in possession of the premises at the commencement of the action. This, so far as the defendant's trespasses are concerned, is enough to justify a verdict. But what must the plaintiff in regard to his right according to this declaration prove? Surely nothing more than that the land is his. This is in regard to the action of ejectment proving no title at all.

We cannot reverse the judgment of the circuit court. It is affirmed with costs.